STATE v. FLOYD.

1. REQUESTS WITHDRAWN—APPEAL.—This court will not consider alleged error in refusing requests which were formally withdrawn.
2. ROADS—HOW ACQUIRED—OBSTRUCTION.—A right to a neighborhood road may be established by proving twenty years' use over that same place, and no one can then obstruct it without violating the criminal law of the State. A private way is not acquired by twenty years' use unless there is, also, the assertion of an adverse right against the owner of the soil.
3. CHARGE ON FACTS.—The trial judge could not charge that the facts in the case did not make out a presumptive right to the road on the part of the public, as the facts must be left to the jury.

4. OBSTRUCTING ROAD—SENTENCE—ACQUIESCENCE.—Where one offends against
   the public by obstructing a neighborhood road, he violates the criminal
   law, and may be required by the court to remove such obstruction.   Ac-
   quiescence by the owner of the soil does not excuse the act.
5. GENERAL EXCEPTION—FACTS.—An exception alleging that the verdict of
   the jury is against the law and the evidence, is too general to require con-
   sideration; nor can this court review the evidence in a criminal trial.

Before WALLACE, J., Marlboro, June, 1892.

The opinion fully states the case.

*Messrs. Townsend & Hamer,* for appellant.

*Mr. Johnson,* solicitor, and *Messrs. Newton & Shipp,* contra.

April 3, 1893.    The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.    The defendant, Ervin Floyd, was
indicted for obstructing a neighborhood road, at the common
law.    There was no objection made to the form of the indict-
ment.    A true bill was found by the grand jury.    At the trial
much testimony was introduced pro and con, and the defendant
was convicted, and sentenced to pay a fine of two dollars and
to remove the obstructions forthwith.    The defendant at the
trial submitted a number of requests to charge, but after the
judge had charged generally, and was proceeding to take up
"the requests," the counsel for the defendant rose in court and
said: "Your honor has covered the ground contained in our
requests to charge, and we withdraw them."    Therefore, the
judge did not charge upon them; and, of course, they are not
properly in the case, although printed in the record.

The defendant appealed to this court upon several exceptions,
the first and second of which were upon the subject of "the re-
quests to charge," which had been formally withdrawn,
and, of course, can not be considered.    The remaining
exceptions are as follows: III. Because his honor erred
in charging the jury that the mere traveling over a road through
"woodland" by the public for twenty years raises the presump-
tion of a grant, and gives a prescriptive right.    IV. Because
his honor erred in not charging the jury that the facts in the

case did not make out a prescriptive right on the part of the public to the road in question.  V.  Because his honor erred in the judgment requiring the defendant to remove the obstruction from the old road, when the evidence showed he was not the owner of the land over which it passed, and that the owner of the land was present when the road was being obstructed.  VI. Because the verdict of the jury is manifestly against the law and evidence in the case, &c.

Exception marked three imputes error to the Circuit Judge in charging, "that traveling over the road by the public for twenty years through 'woodland,' raises a presumption of a grant."  Keeping in view the difference between "a private way" and "a private path" or neighborhood road, we can not find in the charge that the judge held as imputed to him.  He said that "the nomenclature of the different kinds of roads was unfortunate, as the jury are not apt to draw the distinction between 'private paths' and 'private ways.'  A private path is a neighborhood road; a private way is an individual right.  A private way requires stronger proof to establish the right than a neighborhood road, because the right to a neighborhood road may be established by proving twenty years' use over that same place; but a private way is acquired, not by twenty years' use only, but in addition to that, by some assertion of an adverse right—a right as against the owner of the soil to travel in that direction.  Now, we have in this case to deal with a neighborhood road.  When the right to a neighborhood road has been acquired, either by dedication or by the consent of the owners, and accepted by the public, which is signified by using it—when that has been acquired, then neither the owners of the soil or any one else can obstruct it, without violating the criminal law of the State," &c.  We see no error in this.  It seems to be precisely in accord with what was said by Judge O'Neall in the case of *State* v. *Sartor*, 2 Strob., 66, viz: "The true test is in the general use by all persons for public purposes for an uninterrupted period of twenty years or more.  In one respect, I think that there is a great difference as to the evidence, from which a dedication to public use may be presumed, and prescription for a private way.  In

the latter no such right can arise in woodland, without some unequivocal act of adverse right, such as cutting out the road or repairing it."

Exception four complains that the judge erred "in not charging the jury that the facts in the case did not make out a presumptive right on the part of the public to the road in question." The force of the evidence is alone for the jury; and we think if the judge had charged as indicated, he would have committed error in "charging upon the facts," contrary to the inhibition of the Constitution.

Exception five complains that there was error "in the judgment, which required the defendant to remove the obstruction from the old road, when the evidence showed he was not the owner of the land over which it passed, and that the owner of the land was present when the road was being obstructed." As we have stated, this is not a case of private right of way, acquired by prescription, in the lands of another person, but a right of the public in this road, which, as found by the jury, had been obstructed by the defendant; and as the jury found that the defendant had created the obstruction, we can not say that it was error of law to require him to remove it, without any regard whatever as to the ownership of the land at that particular place. As we understand it, the law is that "when the defendant is convicted of a nuisance on a highway, the judgment is that he remove it at his own costs, and he will be committed until the sentence be complied with."

As to the last exception, it is too general to be considered; and it can hardly be necessary to repeat what we have so often said, that in a law case this court has no right to review the evidence, but is confined to the correction of errors of law.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.