## STATE v. GILCHRIST.

1. CRIMINAL LAW—RAPE.—An unmarried girl cannot consent to sexual intercourse. *Criminal Code*, secs. 114 and 115, *construed*.
2. PLEADINGS—INDICTMENT.—When a defendant fails to require the solicitor to elect under which section of the Criminal Code he prosecutes, a general verdict of guilty will be sustained on an indictment with some allegations applicable to one section and some to another, when a portion of the charge is applicable only to one section.

Before TOWNSEND, J., Edgefield, March term, 1898. Affirmed.

Indictment against Moody Gilchrist. From Judgment on conviction, defendant appeals.

*Messrs. Sheppard Bros.,* for appellant, cite: Crim. Code, 114, 115, 22 Stat., 223; 49 S. C., 317; 1 Bail., 144; 1 Rich., 179; 12 Ohio St., 466; 50 Ind., 267.

*Solicitor Thurmond,* contra, cites: 22 Stat., 223; 44 N. W. R., 541; 38 N. W. R., 440; 1 Black, 396; 1 Mo., 180; 126 Mass., 248; 4 Cush., 74; 10 Cush., 52; 47 N. W. R., 854; Crim. Code, 55, 56, 115; 1 Hill, 352; 20 S. W. R., 547; 22 N. E. R., 106.

Jan. 3, 1899.   The opinion of the Court was delivered by

MR. JUSTICE GARY. The appellant was convicted of an assault upon Mary Pearline Quarles, "a woman child under the age of fourteen years * * * with intent her, the said Mary Pearline Quarles, violently and against her will then and there, feloniously to ravish, carnally know, and other wrongs to the said Mary Pearline Quarles then and there did."

The presiding Judge charged the jury that "it makes no difference whether she consented or not, if you find she was under fourteen years of age," and this is made the basis for the sole ground of appeal in this case. Section 114 of the Criminal Code is as follows: "Whosoever shall ravish a woman, married, maid or other, where she did not consent either before or after, and likewise where a man ravished a woman with force, although she consent after, he shall be deemed guilty of rape, and shall, upon conviction, suffer death by hanging in the same form and manner as is now provided by law for willful murder: * * *" Section 33, art. III, of the Constitution provides as follows: "No unmarried woman shall legally consent to sexual intercourse who shall not have attained the age of fourteen years." Section 115 of the Criminal Code, as amended by the act of 1896, 22 stat., page 223, reads as follows: "If any person shall unlawfully and carnally know and abuse any woman child under the age of fourteen years. every such unlawful and carnal knowledge shall be felony; and the offender thereof being duly convicted shall suffer as for a rape: Provided, however, That in any such case where the woman or child is over the age of ten years, and the prisoner is found guilty, the jury may find a special verdict recommending him to the mercy of the Court, whereupon the punishment shall be reduced to imprisonment in the penitentiary for a term not exceeding fourteen years, at the discretion of the Court." When the foregoing provision of the Constitution and the two sections of the Criminal Code are construed together, it is apparent that section 114 has reference to rape at common law, and that section 115

refers to carnal knowledge of an unmarried woman who has not attained the age of fourteen years, and who by reason of her tender years cannot legally consent to sexual intercourse.

The appellant's attorneys correctly admit that if the defendant was indicted under section 115, the charge of his Honor, the presiding Judge, was free from error; but they contend that he was indicted under section 114, as there are allegations in the indictment applicable to that section and not to section 115. The defendant did not make a motion that the solicitor be required to elect under which section he would proceed, nor did he raise any objection to the indictment for any defect apparent upon the face thereof, in the manner provided by section 56 of the Criminal Code, which is as follows: "Every objection to any indictment for any defect apparent upon the face thereof shall be taken by demurrer, or on motion to quash such indictment, before the jury shall be sworn, and not afterwards." If the indictment contains unnecessary allegations, and no objection is raised as aforesaid to the indictment, they will be regarded as merely surplusage. When an indictment contains allegations, some of which are applicable to one section and some to another, the charge of the presiding Judge will be considered with reference to that section which will support the conviction; otherwise, the defendant himself would practically have the right to make the election, and that, too, after conviction, which has never been allowed.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.