## STATE v. WEAVER.

DEMURRER—MOTION TO QUASH INDICTMENT.—Objection that the date of the committal of an offense is laid in the indictment at a day subsequent to the finding of the bill and of day of trial must be taken by demurrer or motion to quash before jury is sworn.

Before GAGE, J., Edgefield, October, 1905. Affirmed.

Indictment against Dan Weaver for highway robbery and larceny. From sentence on verdict, defendant appeals.

*Mr. S. M. Smith, Jr.,* for appellant.

*Solicitor George Bell Timmerman,* contra.

June 25, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was indicted on the 10th of October, 1905, tried on the 11th of October, 1905, and convicted on the 12th of October, 1905, of the crime of

27—74

highway robbery and larceny. The indictment charged that the offense was committed on the 18th day of October, 1905. The indictment also shows upon its face that it was presented at a Court of General Sessions begun and holden in and for the county of Edgefield, on the second Monday of October, 1905.

The defendant appealed upon a single exception assigning error on the part of his Honor, the Circuit Judge, in the following particulars: "Because his Honor erred in over-ruling defendant's objection and allowing Milledge Thompson to answer the following questions propounded by the solicitor, after objection by defendant's counsel: 'Q. Where do you live?' A. Mr. Tom Rainsford's place. Q. Do you know Dan Weaver? A. Yes, sir. Q. Where does he live? A. Mr. Fair's. Q. It is charged here that on the 18th day of October he took money from you? A. Yes, sir. Q. Stopped you on the highway? A. Yes, sir. Q. Tell us what you know about that? A. I was in the town on the 18th February.' Mr. Smith: 'We object. We are answering to October.' The Court: 'Any time just before bill was found is competent.' Mr. Smith: 'It is charged here he got it on the 18th of October, and that day is in the future, it has not yet come.' The Court: 'The time he testifies to is before the time alleged in the bill of indictment, being before, it is immaterial what date he proves just so that day is before the true bill is found.' Mr. Smith: 'We object. We plead to the indictment, the date alleged in the indictment, and we are put on notice by the indictment, that the crime was committed on the 18th of October, and we object to proving any other date.' The Court (to the stenographer): 'Note the objection.' By the solicitor (to the witness): 'Go ahead. Q. When did this occur? A. February 18th.' (Exception noted.) Said question and answer being irrelevant and incompetent in that the date alleged in the indictment the crime was committed, October 18th, 1905, on a future or impossible date."

Section 57 of the Criminal Code provides that "every objection to any indictment for any defect apparent on the face thereof, shall be taken by demurrer or on motion to quash such indictment, before the jury shall be sworn, and not afterwards." The defect was apparent upon the face of the indictment and the objection to it should have been taken by demurrer or on motion to quash such indictment before the jury was sworn, and could not afterwards be interposed.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.