TOWNSHIP COMMISSIONERS OF ST. ANDREWS PARISH AND
    COUNTY SUPERVISOR v. CHARLESTON, S. C., MINING
    AND MANUFACTURING CO.

1. HIGHWAYS.—The act of 1902, 23 stat., 998, simply declares that roads
   laid out under statute, or order of Court or of Commissioners are
   included under the definition of highways, and does not limit the
   jurisdiction of highway officers to such roads, but it extends to high-
   ways acquired by prescription or acquiescence.

2. APPEAL—REQUEST.—Appellant cannot complain of refusal of request,
   which states a principle not beneficial to him.

3. REQUESTS.—Appellant must present request to that effect if he
   desires terms particularly defined. ‘

4. EXCEPTION not specifying in what particulars matter complained of
   was prejudicial is too general.

5. HIGHWAYS.—PERMISSIVE USE has reference to the conduct of the land-
   owner in acquiescing and consenting for the road to be traveled by
   the public, while *adverse user* imparts an assertion of right on the
   part of those traveling the road hostile to that of the owner.


Before DANTZLER, J., Charleston, March, 1906.   Af-
firmed.

Action by C. C. Pinckney, E. T. Legare and John Bran-
non, Township Commissioners of St. Andrew's Parish, and
W. P. Cantrell, County Supervisor of Charleston County,
against Charleston, S. C., Mining and Manufacturing Co.
From judgment for defendant, plaintiffs appeal.

*Mr. W. St. Julian Jervey,* for appellant, cites: *Commis-
sioners have jurisdiction of all public roads:* 23 Stat., 998;
Code 1902, 1849; 2 Hill, 89, 641; Elliott on Roads, 321,
327, 342, 347, 447, 483, 507.   *Use to acquire right of way
over unenclosed woodland must be adverse:* 2 Strob., 60;
54 S. C., 294; 1 Spear, 20; 1 McM., 329; 1 Bail., 341; 2
Hill, 642.   *As to permissive use:* 2 Hill, 642; 2 Rich., 617;
2 Strob., 60; 39 S. C., 23; 54 S. C., 294; 60 Pa., 79.

*Messrs. Mitchell & Smith,* contra, cite: *As to jurisdiction
of Commissioners over roads:* 23 Stat., 999; 23 S. C.,

523; 49 S. C., 334; 9 Stat., 309, 509; 4 McC., 5, 67; 14 Stat., 128; 15 Stat., 986; Rev. Stat., 1893, 645; 21 Stat., 482; 20 S. C., 116; Code of 1902, 1347, 1349; 22 Stat., 227. *As to right of way by adverse user:* 2 Strob., 60; 6 Rich., 396; Chev., 1; 1 McM., 329; 1 Spear, 22; 63 S. C., 439, 494. *Difference between permissive use and use by acquiescence:* 3 Rich., 105; 7 Rich., 188; 4 Rich., 50.

March 25, 1907. The opinion of the Court was delivered by

Mr. Justice Gary. The complaint alleges, that in St. Andrew's Parish, County of Charleston, there is a certain road, extending from a point on the Bear Swamp road, to the Ashley River road, which is and has been for over twenty years used and worked as a public highway; that the defendant intends to obstruct and destroy said road as a highway, by digging and mining it with dredges, and prays for an injunction.

The defendant sets up in its answer, that the road was not a public road, that it was a mere cart road, running through the unenclosed woodland of the defendant, and used, with the permission of the defendant, for the purpose of a short cut between two adjacent public roads, and, that the crossing of the road with its dredges was necessary to enable it to mine its phosphate deposits, under and on each side of the road.

The defendant further answered that the complaint did not state facts sufficient to constitute a cause of action, in that it did not appear that the road was one, over which the plaintiffs had jurisdiction, and prayed that the defendant might have the same benefit of this objection as if it had been taken by demurrer.

The jury rendered a verdict in favor of the defendant, and the plaintiffs appealed.

The first error assigned is, that his Honor, the presiding Judge ruled that the county board of commissioners could

acquire jurisdiction of a public road, only when it
was laid out by Act of the General Assembly by an
order of the Court, or by an order of the county
board of commissioners, thus ignoring roads acquired by
prescription or adverse user.

The Act of 1902 (23 Stat., page 998), entitled: "An Act
to further regulate the working and maintaining of the
highways and bridges of this State," contains the following
provisions: "The county board of commissioners shall take
charge of and superintend the repair of the highways in
the County. * * * All roads, highways and ferries that
have been laid out or appointed by virtue of an Act of the
General Assembly, or any order of Court, or by any order
of the county board of commissioners, are declared to be
public roads and ferries, and the county supervisor and the
county board of commissioners shall have the control and
supervision thereof. * * *.

"The said county supervisor and county board of com-
missioners, shall have full power and authority, to order the
laying out and repairing of public roads where necessary
* * * to discontinue such roads as shall be found useless
* * * and to alter roads so as to make them more useful.
* * * The county board of commissioners may also open
new public roads, and widen or change the location of old
public roads, where, in their judgment, such changes would
be for the material interests of the traveling public. They
my obtain the right of way by gift or purchase, or they
may condemn the land therefor and assess the compensa-
tion and damages therefor, as is hereinafter provided."

These provisions show that it was not the intention to
limit the jurisdiction of the supervisor and county board of
commissioners, over the highways in their county, but
simply to declare that roads laid out by virtue of an Act of
the General Assembly, etc., came within the definition of a
highway.

This charge of the presiding Judge must, however, be
construed in connection with other portions thereof, espe-

cially the following: "It is claimed that the road be laid out or appointed either by an Act of the General Assembly, by order of Court, or by order of county board of commissioners, or the officials having in charge the public roads of the county. Either one of those three preliminary prerequisites are necessary in order that the township board of commissioners can acquire jurisdiction. To this I assent, but I charge the jury that it is for them to say from the testimony, whether or not there has been an acquiescence on the part of the owners of the property, to the use of such property by the public. Where there is acquiescence and consent to the use of the road by the public as a matter of law, there is no necessity for the formal laying out of the road by the formal order of the county board of commissioners, or officials having charge of the public roads in the county. It is for the jury to say whether there was such acquiescence. * * * It is not absolutely necessary to show, by a production of the statute or order, that such a road was laid out or appointed under the law, but the jury must determine, from the whole testimony, whether or not such a road has been laid out. They can determine that by circumstances, by word of mouth of witnesses on the stand, or from the record. Where a road has been used by the public adversely for twenty years, then the presumption arises, the legal presumption arises, that such road has been laid out, because there is no necessity to formally lay out a road, if the owner of the property upon which this road is established consents and acquiesces in the use of such road by the public for twenty years. That is the only construction in my judgment that can be put upon the statute law of this State."

Conceding (as we must) that the charge stated in the exception was erroneous, it was rendered harmless by the other portions just mentioned.

This disposes of the first, second, third and fourth exceptions.

25—76

The fifth exception is as follows: "That his Honor erred in refusing to charge, as requested, that, with regard to the exceptions claimed to exist when the road passes through 'unenclosed woodland,' the rule is that in such case it must further appear that such use was adverse, i. e., not permissive; and has reference to private rights of way over the lands of another, rather than to public highways and neighborhood roads."

The request was presented by the plaintiffs, and its refusal was beneficial rather than prejudicial to their rights. They, therefore, have no cause to complain.

The sixth exception is as follows: "That his Honor erred in charging the jury as to the permisssive use or that allowed as a matter of courtesy; without defining more clearly the meaning of these terms."

If the plaintiffs desired the terms more clearly defined, it was incumbent on them to present requests to that effect.

The seventh exception is as follows: "That his Honor erred in charging that if the defendant did not object to the use of the road by the general public, in order to avoid being churlish and unpleasant to its neighbors, the jury was authorized to find that the use of the road was permissive; whereas, he should have held that the rule of right by user is a general one, and is not controlled or limited by the reasons which may be assigned for the same."

Even if there was error, we fail to discover wherein it was prejudicial.

The eighth exception is as follows: "That his Honor erred in charging that here is any legal difference between a permissive use and use by acquiescence and consent."

This exception is too general for consideration as it fails to specify as in what particular it was prejudicial to the appellant.

The ninth exception is as follows: "That his Honor erred in holding that a permissive use is one where one per-

mits or allows individuals or the public to use a road over his property, without any intention on the part of the owner of such property of vesting the road in the public or individuals who use it; whereas, the principle governing adverse user is that it is independent of the intention of the party originally in control. Like the statute of limitations, it has for its purpose the termination of issues."

Permissive use has reference to the conduct of the landowner in acquiescing and consenting for the road to be travelled by the public, while adverse user imparts an assertion of right, on the part of those travelling the road, hostile to that of the owner. Not only was the charge as to permissive use free from error, but the jury were also properly instructed as to adverse user.

The tenth exception is as follows: "That his Honor's charge, taken as a whole, as to the distinction between permissive and adverse occupation, is involved and uncertain, and was calculated to confuse and mislead the jury."

This exception cannot be considered, for the reason that it is too general.

The eleventh and twelfth exceptions were withdrawn.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS *concurs in the result.*