## 7592

### STATE v. RODMAN.

1. OBJECTIONS TO AMENDING AN INDICTMENT not sustained because:
(1) the amendment merely inserted words relating to the description
of the offense; (2) the defect was apparent on the face of the indict-
ment and no objection was taken by demurrer or motion; (3) the
amendment made the pleading conform to the proof, and it was not
made to appear that it changed the nature of the offense or operated
as a surprise to the defendant.

2. OBSTRUCTING PUBLIC ROADS.—Where a road was through woodland, it
must be shown it has been used for twenty years and that the user
was adverse to establish a prescriptive right in the public.  That the
public had acquired a prescriptive right to a road running through
both arable and woodland is a circumstance from which jury may
infer adverse user.

3. IBID.—Opening a new road or one equally as convenient in another
place as the old one, is not a defense to an indictment for obstructing
a public road.

Before ERNEST MOORE, Special Judge, Chester, Novem-
ber, 1909.   Affirmed.

Indictment against John Rodman for obstructing a pub-
lic road.   Defendant appeals from sentence.

*Messrs. Gaston & Hamilton,* for appellant, cite: *This
road is a private way:* 77 S. C., 438.   *Remedy for obstruc-*

*tion is civil action:* 11 S. C., 368.    *Right to a neighborhood road can be acquired by twenty years' use:* 63 S. C., 440, 503.    *Through woodland:* 6 Rich. 399; 1 Bail., 56; 41 S. C., 1; 76 S. C., 382; 74 S. C., 428.    *How adverse use acquired:* 63 S. C., 501; 80 S. C., 380; 54 S. C., 294.

*Solicitor J. K. Henry,* contra, cites: *Definition of roads:* 2 Strob., 65; 74 S. C., 42; 80 S. C., 380; 54 S. C., 294. *Opening new road for old not sufficient:* 11 S. C., 372.

June 13, 1910.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an appeal from the sentence imposed upon the defendant for obstructing a public highway.

The indictment under which the defendant was tried, charged that he "did wilfuly and unlawfuly close up and obstruct a certain highway and public road leading from the (public highway by the) plantation of James F. Reid, into the main public road from Fishing Creek Church to market at Smith's Turnout."

The record contains the following statement: "It is hereby agreed that the words in the indictment enclosed in parenthesis, 'public highway by the' were added to the indictment as an amendment thereto by the State, after it had closed under order of the presiding Judge permitting the amendment over defendant's objection."

The first question that will be considered is whether there was error on the part of his Honor, the presiding Judge, in permitting the said amendment.

Section 56 of the Criminal Code contains this provision: "Every indictment shall be deemed and judged sufficient in law, which, in addition to allegations as to time and place, as now required by law, charges the crime substantially in the language of the common law, or of the statute prohibiting the same, or so plainly

that the nature of the offense charged may be easily understood."

Section 57 is as follows: "Every objection to any indictment for any defect apparent on the face thereof, shall be taken by demurrer, or on motion to quash such indictment before the jury shall be sworn, and not afterwards."

Section 58 is as follows: "That if there be any defect in form in any indictment, it shall be competent for the Court, before which the case is tried, to amend the said indictment: *Provided,* Such amendment does not change the nature of the offense charged; that if on the trial of any case there shall appear to be any variance between the allegations of the indictment, and the evidence offered in proof thereof, it shall be competent for the Court, before which the trial shall be had, to amend the said indictment according to the proof: *Provided,* Such amendment does not change the nature of the offense charged; and, after such amendment, the trial shall proceed in all respects, and with the same consequences as if no variance had occurred, unless such amendment shall operate as a surprise to the defendant, in which case the defendant shall be entitled, upon demand, to a continuance of the cause."

The exceptions raising this question can not be sustained for the following reasons: (1) The indictment as originally drawn charged the obstruction of a highway or public road by building a wire fence across the same, and the offense was set out so plainly that the nature thereof might be easily understood. The amendment related to the detailed description of the offense, and after the indictment was amended it still charged the same offense, to wit, the obstruction of a highway or public road. (2) The defect was apparent upon the face of the indictment, and the objection should have been taken by demurrer or on motion to quash before the jury was sworn. *State* v. *Gilchrist,* 54 S. C., 159, 31 S. E., 866; *State* v. *Phillips,* 73 S. C., 236, 53 S. E., 370; *State* v. *Weaver,* 74 S. C., 417,

54 S. E., 615; *State* v. *Hamilton,* 77 S. C., 383, 57 S. E., 1098; *State* v. *Means,* 80 S. C., 401, 61 S. E., 898. (3) It was competent for the Court to amend the indictment so as to conform to the proof when there was a variance between the allegations and the evidence offered in proof thereof, as it was not made to appear that the amendment changed the nature of the offense, or that it operated as a surprise to the defendant.

The next question that will be considered is whether the Circuit Judge erred in refusing to direct a verdict in favor of the defendant, on the ground that there was no testimony whatever tending to prove that the public had acquired a right of way through the defendant's uninclosed woodland by continuous and adverse user for a period of twenty years.

We quote from the testimony of the following witnesses:

J. F. Reid: "Q. When Mr. Rodman bought that land, all this land in here was in original forest? A. Most of it. Q. And he has cleared it up and put it in cultivation since he got hold of it? A. Yes, sir. Q. And the roadway where people traveled in there, before he bought the land, was not inclosed by any fence or anything of that kind? A. I don't think. Part of it was, and part of it was not. Q. How much? A. I can't remember. I remember there was a big fence through there when I was a boy. Q. When he bought it, was it all in woods? A. I think so. The biggest part of it. Q. And there was no fence there then? A. No, sir. Q. Which one of these roads was it, you say, had been shifted after Mr. Rodman bought the place? A. This road has been shifted (indicating). The whole travel used to go down here somewhere (indicating), and went through the woods; and he has cut that out and moved it over."

Hugh Jennings: "Q. You say you didn't know anything about this situation until seven years ago? You were a stranger in that community until then? A. Yes, sir. Seven

years this fall.  Q. Was this land cleared up or was it still in woods (indicating)?  A. Yes, sir; it was cleared up On the road it was cleared up."

I. C. McFadden: "Q. It has been fourteen or fifteen years since you went through that road?  A. Yes, sir.  It used to be in woods, but it is cleared up now.  Q. It was in woods, almost all of it, up to the time Mr. Rodman bought it?  A. Yes, sir."

W. H. Simpson: "Mr. Glenn: You traveled principally that one (indicating)?  A. Yes, sir.  Q. And this one here went through the woods?  A. Well, both were principally through the woods."

John Rodman (defendant): "Q. Mr. Rodman, you live on this place where they claim you stopped up a public road?  A. Yes, sir.  Q. Will you state, now, when you first saw that road?  That place where they say this road is going down towards Mr. Reid's place?  A. It was in the spring of 1902, I think it was.  Q. Well, what was the condition of it, or was there any road there, or what was there?  A. Well, it seemed like a path that they worked on each side of, about half as wide as a wagon road.  Q. You say worked on either side.  You mean they cultivated the land?  A. Yes, sir."

There was also testimony to the effect that the road had been used by the public for seventy years, and that Crawford, a former owner of the land, had placed a causeway over the road at a point where it was necessary.

The rule in this State is that a prescriptive right arises in favor of the public after the continuous use of a road for twenty years, when it runs through cultivated land, but that when it passes over uninclosed woodland it must also be shown that the user was adverse.  *State* v. *Sartor,* 2 Strob., 60; *State* v. *Floyd,* 39 S. C., 23, 17 S. E., 505; *State* v. *Tyler,* 54 S. C., 294, 32 S. E., 422; *Earle* v. *Poat,* 63 S. C., 439, 41 S. E., 525; *Kirby* v. *Ry.,* 63 S. C., 494, 41 S. E., 763; *State* v. *Toale,* 74 S. C., 425, 54 S. E., 608;

*Com.* v. *Mfg. Co.,* 76 S. C., 382, 57 S. E., 201; *Moragne* v. *Ry.,* 77 S. C., 437, 58 S. E., 150; *State* v. *Washington,* 80 S. C., 376, 61 S. E., 896.

When, however, the same person is owner, both of the arable land and the woodland, and the public has acquired a prescriptive right over the cultivated land, this is a circumstance to be considered by the jury in determining whether the use of the road through the woodland was adverse.

There is another reason why the exceptions raising this question can not be sustained.

Even if there is not a single circumstance standing alone tending to prove adverse user, nevertheless, when the facts and circumstances are considered in connection with each other, it might reasonably be inferred by the jury that the user was adverse. *Dantzler* v. *Cox,* 75 S. C., 334, 55 S. E., 774; *Wertz* v. *Ry.,* 76 S. C., 388, 57 S. E., 194.

We will consider lastly whether there was error in refusing to allow the defendant's witness, J. M. Saye, to testify in answer to the following questions:

"Q. Now, this disputed road, Mr. Saye, would that, if open, be of any use to anybody, except those on Mr. Reid's place?

"Q. Which road would they naturally follow? Which road would be the best for them to take?"

The exception raising this question is disposed of by the case of *State* v. *Harden,* 11 S. C., 360, in which it was held that the refusal of the Circuit Judge to charge the jury that the defendant should be acquitted of obstructing a public road, if he had opened a new road, and one equally as convenient in the place of the old road, was not erroneous.

These views practically dispose of all other exceptions. Judgment affirmed.