#### STATE v. MILLER *ET AL.*

(118 S. E., 624)

HIGHWAYS—USE OF NEIGHBORHOOD ROAD OVER UNINCLOSED WOODLAND MUST BE ADVERSE AND UNDER CLAIM OF RIGHT.—A prescriptive right arises in favor of the public after continuous use of a neighborhood road for twenty years when it runs through cultivated land, but when it passes over uninclosed woodland it must also be shown that the use was adverse under claim of right, and not by owner's permission.

Before TOWNSEND, J. Georgetown, March, 1923. Reversed and new trial ordered.

John A. Miller and Frederick W. Ford were convicted of obstructing a highway and they appeal.

*Mr. Walter Hazard,* for appellants, cites: *To establish a prescriptive right in the public to use a road through unenclosed woodland, it is necessary to show that such use was adverse and under a claim of right and not by permission of the owner:* 2 Strob., 60; 39 S. C., 24; 1 Cheves 1; 6 Rich., 396; 63 S. C., 494; 54 S. C., 294; 1 Spears 17; 63 S. C., 439; 1 Rich., 58; 41 S. C., 20; 11 S. C., 361; 74 S. C., 425; 77 S. C., 437; 80 S. C., 376; 86 S. C., 154; 76 S. C., 382; 13 R. C. L., 35, 37; 3 Ann. Cas., 788; 18 A. S. R., 441. *Error to read decision to jury:* 14 R. C. L., 742; 22 L. R. A. (N. S.), 1229; 41 S. E., 631; 51 S. E., 631; 52 Am. Dec., 680; 77 Am. Dec., 579; 25 S. C., 175; 9 S. C., 61; 87 S. C., 410; 73 S. C., 379; 81 S. C., 374; 84 S. C., 526; 98 S. C., 180; 99 S. C., 225.

---

NOTE: On prescriptive right to obstruct highways see note in 53 L. R. A., 897.

*Mr. L. M. Gasque, Solicitor* and *Mr. Capers G. Barr,* for the State, cite: *Judge may read from opinions of this Court:* 12 Cyc., 614; 95 S. C., 306. *Distinction between "private path" and "private way" in determining what is necessary to convert it into a public road:* 39 S. C., 23; 2 Strob., 60; 11 S. C., 369; 54 S. C., 299; 63 S. C., 453; 63 S. C., 524; 80 S. C., 379; 93 S. C., 550; 107 S. C., 132.

July 23. 1923.

The opinion of the Court was delivered by M⁻. JUSTICE MARION.

The indictment upon which defendants were convicted charged that on a day certain they "did unlawfully obstruct a neighborhood road, that had become a public highway by being used more than 20 years by placing and erecting across said road a wire fence," etc. From sentence imposed defendants have appealed upon exceptions which may fairly be construed to raise but one question.

The Circuit Judge refused several of defendants' requests to charge, which embodied, in substance, the following proposition:

·"The rule in this State is that a prescriptive right arises in favor of the public after continuous use of a road for 20 years when it runs through cultivated land, but that, when it passes over uninclosed woodland, it must also be shown that the use was adverse and under a claim of right, and not by the owner's permission." (Defendants' third request.)

The learned Circuit Judge, under the authority of *State v. Sartor,* 2 Strob., 60, and *State v. Floyd,* 39 S. C., 24; 17 S. E., 505, apparently adopted the view and applied the rule that the public right arising from use of a neighborhood road through uninclosed woodland for 20 years or more does not rest upon adverse use, but upon a presumption from lapse of time that the owners of the land have dedicated it to the public use, under which rule the true test of the public right "is in the general use, by all persons, for public purposes, for

an uninterrupted period of twenty years or more." *State v. Sartor, supra.* We think the Circuit Judge was in error. As was pointed out by Mr. Justice Jones in his concurring opinion in *Kirby v. Southern Railway,* 63 S. C., 524; 41 S. E., 765, the expressions in *State v. Sartor* and *State v. obiter dicta.* It is true that in certain subsequent decisions, notably in *Kirby v. Railway, supra,* and *Earle v. Poat,* 63 S. C., 439; 41 S. E., 525, the doctrine announced by Mr. Justice O'Neall in *State v. Sartor, supra,* as to the point here under consideration, would seem to have received a measure of recognition and approval. But that such doctrine may not be regarded as ever having definitely received the authoritative sanction of this Court as applied to a neighborhood road through uninclosed woodland, is very clearly indicated by the unequivocal declaration of the law on this subject by the present Chief Justice in *State v. Rodman,* 86 S. C., 158; 68 S. E., 343, which is the most recent case involving the precise point here presented, to which our attention has been directed. In that case the Court said:

"The rule in this State is that a prescriptive right arises in favor of the public after the continuous use of a road for twenty years, when it runs through cultivated land, but that when it passes over uninclosed woodland it must also be shown that the user was adverse."

The rule as thus stated in *State v. Rodman, supra,* is the rule announced and supported with cogent reasoning in *Hutto v. Tindall,* 6 Rich., 396, as follows:

"The jury were instructed that the mere use of a road over uninclosed woodland could not confer a right of way, as a neighborhood road or private path, unless the use was shown to have been adverse; that is, accompanied by such acts as showed that the way was claimed as a right, and not used by the permission of the owner of the land over which it passed; such, for instance, as working on it, keeping it in repair, requiring those who interfered with it, by fences, to open another way convenient to the public; or by other facts

and circumstances which showed a concession of the way by the owner of the soil. Public roads of any kind can be established only by public authority, or by dedication, or by long use, which though not strictly prescription, bears so close an analogy to it, that it may be expressed by that term. Less than twenty years' use is insufficient to create either a public or a private road. The same period of prescription is applied to both kinds. From a use for that period of time, a grant may be presumed. The presumption of a grant is founded in the acquiescence of the owner of the land in the exercise, by the public or by an individual, of a privilege inconvenient or injurious to the owner, or inconsistent with his exclusive right of property. A neighborhood road differs in its use from a private right of way in this only, that more persons pass along it. The tract of the road is not generally of greater width; and the prejudice to the owner by the appropriation of a part of his land for the road, and all other incidental inconveniences, attend upon a neighborhood road not less than upon a private right of way. If the injury or inconvenience be greater in the case of a neighborhood road than of a private way, that is an argument why stronger evidence should be required of the owner's acquiescence. When, therefore, in either case, the use of the way is the evidence from which a grant is to be presumed, the same evidence should be required in both cases. As the presumption of a grant of way by the owner of the land arises from the exercise of a privilege adverse to his right of property, and from his acquiescence in the exercise of the privilege, the presumption will not be supported, if the use of the way does not impinge on his rights, nor conflict with his enjoyment of his property. A distinction must therefore be observed, between the claim of a way through inclosed and cultivated land, and of a way over uninclosed woodland. In the former case, the mere use is an invasion of property, and a trespass; and acquiescence or submission to the exercise of a privilege, under circumstances which

make it actionable, may justify the inference of a legal right in the person who exercises the privilege. · But when the way passes over woodland, those who travel it commit no trespass (at least not until after notice to desist,) and subject the owner to no loss or inconvenience. To prohibit them would be considered churlish, and would be ineffectual, unless a constant watch was kept to prevent them. And to require the owner to secure his land against an adverse claim, by a use not actionable, of a way over it, would to that extent, exclude his property from the protection of the law. With respect to private rights of way, the law is well settled that no presumption of the grant of them can arise, without proof of circumstances to show that the use of the way was adverse. * * * The presumption of a grant of way should be restrained by rules of evidence which may prevent its insidious operation. Too often a use commenced and continued in courtesy after the expiration of the prescribed time is claimed adversely, and judicially established as a right. It is only a reasonable security to the landowner that he should be apprised of an adverse claim of a way over his land before the use has matured into a right, whether the way claimed is a neighborhood road or a private way. No reason can be assigned why, in this respect, any distinction should be made between them."

*Hutto v. Tindall* was decided several years after *State v. Sartor,* and the Court in the former adverts to the distinction between prescriptive rights in a neighborhood road and a private way suggested by Mr. Justice O'Neall in *State v. Sartor,* and criticizes it as untenable.

As this cause must be remanded for a new trial, we deem it proper to add that the explanatory discussion of the term "adverse," as applied to ways, contained in *Sims v. Davis,* Cheves, 1, 34 Am. Dec., 581, is informing and essentially sound; but the present constitutional inhibition against charging on the facts admonishes to a carefully guarded application by the trial Judge of that and similar discussions

in formulating instructions on this subject.    See *State v. Rodman, supra.*

The judgment of the Circuit Court is reversed, and a new trial ordered.

. Mr. CHIEF JUSTICE GARY did not participate.

Reversed.