15617

STATE v. WARD

(28 S. E. (2d), 785)

March, 1943.

*Mr. J. G. Leatherwood* and *Mr. W. E. Bowen,* both of Greenville, S. C., Counsel for Appellant,

*Mr. W. A. Bull,* Solicitor, of Greenville, S. C., appeared for the State.

January 25, 1944.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court.

From a conviction of the offense of statutory rape, this case is brought to this Court upon exceptions by the defendant.

Frances Evelyn Hicks, the prosecutrix, at the time the alleged offense was committed, was thirteen years and eleven

months of age. She was the sole witness for the State. The defendant was 26 years old. The prosecutrix testified that the defendant induced her to go with him to his mother's home, where he introduced her to his mother and members of his family as his wife; that they had sexual relations the first night; and that she and the defendant remained at his mother's home for several days. On cross examination, Miss Hicks was asked if she and the defendant had, previous to going to his mother's home and before any sexual relations had occurred between them, presently agreed to be and become husband and wife, and if, in pursuance of this agreement, they had not entered into the relationship of husband and wife. She denied having entered into any marriage contract with the defendant:

At this point in the cross examination, the solicitor interposed an objection upon the ground that the statute, Section 1111, 1942 Code, under which the defendant was indicted, makes it unlawful to have carnal knowledge of a woman child under 16 years of age, and that a common-law marriage between the prosecutrix and the defendant would be no defense. The trial Judge sustained this contention of the State, and held that a marriage, common-law or otherwise, between the prosecutrix and the defendant prior to any sexual relationship would be no defense to a charge under this section of the Code. Counsel for the defendant then informed the Court that the only defense sought to be interposed to the charge in the indictment was that of a common-law marriage between the prosecutrix and the defendant prior to any sexual relationship; and that the defense was prepared to produce witnesses who were present and who would give testimony tending to prove the existence of a common-law marriage. The Court ruled that such evidence could not be offered to establish a common-law marriage between the parties as a defense, but that such testimony might be given in mitigation, and might be considered by the jury in recommending

the defendant to the mercy of the Court in the event he should be found guilty.

Under this ruling, the defendant testified that prior to the alleged offense he and the prosecutrix had presently agreed to be husband and wife, and that later, on the same day, he had taken her to his mother's home, where he introduced her to his mother and other members of his family as his wife, and where she was accepted as such. That on the following Sunday she accompanied him to church, where she was introduced to the minister as his wife. And later, in his sister's home in Belton, South Carolina, where they visited, she was introduced to his sister and her family as his wife; and that they remained there for several days. She was likewise introduced to nearby neighbors as his wife, and that at no time did she contradict this statement or object to such status. The defendant further testified that the prosecutrix lived with him as his wife for about a week, after which her father took her to his home, but that on the following day she slipped away from her father's home and returned to him. Upon learning that her father desired that a marriage ceremony be performed, the defendant procured a marriage license from the Probate Judge of Greenville County, but before the marriage could be performed under the license, the defendant was arrested on a warrant caused to be issued by the father of the prosecutrix. The prosecutrix then retured to her father's home. The marriage license referred to was introduced in evidence.

The trial Judge charged the jury in part as follows: "It is not a defense to claim or to show or to prove that there was a marriage between these parties, whether it was at common law or any other way, if she was below the age of consent, and is under the age of 14 years, which is the age fixed by statute in this State for a valid statutory marriage; * * * it would be no defense for you to find there was a common law marriage between these parties."

Appellant argues that this instruction constitutes reversible error.

The common law establishes the age of consent to the marriage contract at fourteen years for males and twelve years for females, and this rule of the common law is still of force in this State, *State v. Sellers,* 140 S. C., 66, 134 S. E., 873; *Ex parte Blizzard,* 185 S. C., 131, 193 S. E., 633. Our statute (Section 8558) provides that "* * * No such license shall be issued when the woman or child-woman is under the age of fourteen, or when the man or male is under the age of eighteen * * *"

It will be observed that the statute does not declare that if a marriage is entered into when one or both of the parents are under the age limit prescribed, the marriage shall be void. It does, however, impose restrictions and penalties upon public officers and ministers of the gospel for the purpose of preventing, so far as possible, the solemnization of such marriages; but the statute has, for wise reasons, stopped short of declaring such marriages to be void. In fact, Section 8563 provides: "Nothing herein contained shall render any marriage illegal without the issuance of a license."

It is now generally held by the great weight of authority, that statutes prescribing the procurement of a license and other formalities to be observed in the solemnization of marriage, do not render invalid a marriage entered into according to the common law, but not in conformity with the statutory formalities, unless the statutes themselves expressly declare such marriage invalid; and this although the statutes prescribe penalties for ignoring their provisions. Such statutes have uniformly been held directory merely. Such being the case, we hold, upon principle and authority, that the marriage of a person who has not reached the age of competency as established by our statute, but is competent by the common law, is valid, provided such

marriage is entered into in accordance with the rules of the common law. See *State v. Sellers, supra,* and notes in Ann. Cas., 1912D, 598, 79 Am. St. Rep., 361, and 124 Am. St. Rep., 107; also 133 A. L. R., 759.

The pertinent portion of Section 1111 of the Code, under which the defendant was indicted, reads as follows: "If any person shall unlawfully and carnally know and abuse any woman child under the age of sixteen years, every such unlawful and carnal knowledge shall be felony, and the offender thereof being duly convicted shall suffer as for a rape: provided, however, that in any case where the woman or child is over the age of ten years and the prisoner is found guilty the jury may find a special verdict recommending him to the mercy of the court, whereupon the punishment shall be reduced to imprisonment in the penitentiary for a term not exceeding fourteen years, at the discretion of the court * * * ."

The question then naturally arises, did the appellant "unlawfully and carnally know [or] abuse" the prosecutrix?

Article III, Section 33, of the Constitution contains this provision: "No unmarried woman shall legally consent to sexual intercourse who shall not have attained the age of fourteen years."

But this language, as was held in *State v. Sellers, supra,* can have no reference to the age at which a woman can consent to matrimony. The Court in *State v. Gilchrist,* 54 S. C., 159, 31 S. E., 866, 867, held that "when the foregoing provisions of the constitution and the two sections of the Criminal Code are construed together, it is apparent that section 114 (now Section 1109) has reference to rape at common law, and that section 115 (now Section 1111) refers to carnal knowledge of an *unmarried* woman who has not attained the age of fourteen years (now 16 years), and who, by reason of her tender years cannot legally consent to sexual intercourse."

It is obvious that from the standpoint of the defendant, it became vitally important to establish, if he could, that the

status of the prosecutrix was that of a married woman—that is, that he was her common-law husband.

A common-law marriage is valid in this State as already pointed out; the age of consent to such a contract being fixed at fourteen years for males and twelve years for females. And such marriage is not void because the formalities prescribed by statute concerning the procurement of a license and solemnization, have not been observed. It therefore becomes pertinent to inquire whether the husband can be found guilty of rape where the wife is under the statutory age of consent.

It is stated in 44 Am. Jur., Section 30, Page 919: "One cannot be guilty of rape on a woman under the age of consent with whom he has contracted a ceremonial or common-law marriage  *  *  *." And to the same effect is *People v. Pizzura*, 211 Mich., 71, 178 N. W., 235, which is annotated in 10 A. L. R., 405.

In 22 R. C. L., Section 5, at Page 1175, it is said: " *  *  *  A man cannot himself be guilty of an actual rape upon his wife. One of the main reasons for this is the matrimonial consent which she gives when she assumes the marriage relation, and which the law will not permit her to retract in order to charge her husband with the offense, *  *  *." citing many cases which support this text.

In our opinion, the lower Court erred in excluding the testimony to which we have referred as tending to show a common-law marriage between the prosecutrix and the defendant. Under proper instructions, this question should have been submitted to the jury. The defendant must, therefore, have a new trial.

Judgment reversed.

Mr. Chief Justice Baker, Mr. Associate Justice Stukes and Circuit Judges Wm. H. Grimball and Philip H. Stoll, Acting Associate Justices, concur.