JOHNSTON, *Respondent,*
*v.*
GEORGIA-PACIFIC CORPORATION, *Appellant.*
(No. 38779, CA 9927)
581 P2d 108

■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■
■■■■■■■

Jack Mattison, Eugene, argued the cause for appellant. With him on the brief was Jaqua & Wheatley, P. C., Eugene.

Gregory L. Decker, Albany, argued the cause for respondent. On the brief were Richard T. Kropp, and Emmons, Kyle, Kropp & Kryger, Albany.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

The issue in this workers' compensation case is whether claimant is entitled to benefits as the wife of decedent, whose death was the result of an accidental injury suffered during the course of his employment. The parties were never formally married, but it is claimed that under the laws of Colorado a valid common-law marriage existed.

■ Although Oregon does not recognize "common-law marriages," under certain circumstances a person who had been cohabiting with a deceased worker is allowed to collect compensation. ORS 656.226.[1] *Kempf v. SAIF,* 34 Or App 877, 580 P2d 1032, *rev den* (1978).

■ Claimant concedes that she does not qualify under ORS 656.226, but argues that a valid marriage in Colorado was established and that she is entitled to benefits as a spouse under ORS 656.204. Claimant's position is supported by *Boykin v. Industrial Accident Com.,* 224 Or 76, 355 P2d 724 (1960), where the Supreme Court held that a woman who had shown a valid common-law marriage under the laws of Idaho was entitled to workers' compensation benefits as a spouse, even though the facts relied upon to establish a marriage in Idaho would not have established a marriage in Oregon. Employer argues that *Boykin* is not controlling since it did not face the question of whether ORS 656.226 provides the exclusive allowance of benefits for "common-law" spouses. We disagree. ORS 656.226 deals with a fact situation not present here. Where the relationship is legally established elsewhere, this state will recognize that relationship.

---

[1] ORS 656.226 provides:

"In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by such man, and children are living as a result of that relation, the woman and the children are entitled to compensation under ORS 656.001 to 656.794 the same as if the man and woman had been legally married."

The issue is, therefore, whether claimant has shown facts establishing a marriage between her and the decedent. The referee, the Workers' Compensation Board, and the circuit court all found in favor of claimant, holding that the facts demonstrate a common-law marriage between the parties under the laws of Colorado. The employer appeals, claiming that the elements of a common-law marriage have not been shown.

■■ We conclude, as did the hearings officer, the Board and the Circuit court, that claimant and decedent established a valid marriage under the laws of Colorado. We find from the evidence that the parties intended to be married and did in fact cohabit in Colorado as husband and wife. The elements required by Colorado law for a "common-law marriage" have been established by clear and convincing evidence. *Taylor v. Taylor,* 10 Colo App 303, 50 P 1049 (1897).[2]

Claimant has shown a valid marriage. Since decedent suffered a compensable injury under Oregon Workers' Compensation Law, claimant is entitled to benefits.

Affirmed.

---

[2]Employer argues that since claimant was not of legal age to marry, the marriage was invalid and claimant is not entitled to compensation. We disagree. The fact that the claimant was under the age required for marriage made the marriage between the parties voidable. CRS 14-2-106(1)(b). A voidable marriage is not subject to attack by third parties. *State v. Anderson,* 239 Or 200, 287, 396 P2d 558 (1964). Therefore, employer is not entitled to question claimant's marriage on account of her age. Furthermore, there is authority for the proposition that the statutory guidelines concerning age requirement to contract a marriage is not binding upon a common-law marriage. 52 Am Jur2d, Marriage, § 14. In such cases the age guidelines are those that existed at common-law, which was 12 years of age for a female. *State v. Ward,* 204 S.C. 210, 28 SE2d 785 (1944); *In re Hollopeter,* 52 Wash 41, 100 P 159 (1909).