14803

SAVANNAH RIVER LUMBER CORP. v. BRAY, COUNTY
SUPERVISOR *ET AL.*

(200 S. E., 760)

*Mr. W. J. Thomas,* for appellants,

*Mr. H. Klugh Purdy,* for respondent,

January 9, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This is an action for injunctive relief. The plaintiff alleged that it owns in Beaufort County a large tract of land, through which the Combahee Creek, a tributory of the Combahee River, runs; that it has on this creek a private landing which is connected by a private road across a part of these lands with a public road, and that it has placed a gate on such private road "where it leaves the public road and keeps said gate locked." It further alleged that the defendants have given it notice that they will "tear down said gate and open said road and landing to the public," and that if this is permitted to be done, the plaintiff will suffer irreparable injury, as it has "no adequate remedy at law to protect it from the threatened acts of the defendants in taking its property."

The defendants denied plaintiff's ownership of the fee to the road and landing in question, and alleged that the title thereto vested in the public; and that, therefore, plaintiff had no right to obstruct the road. They further alleged that in notifying plaintiff that they would remove the gate and open up the road, they were acting under instructions given by the grand jury of the county.

Upon call of the case for trial, in March, 1938, counsel for plaintiff made a motion "to have the Court try all questions of law and fact without the aid of a jury, on the ground that the pleadings showed that it was entirely an equity matter." Judge Stoll refused the motion, but stated that should he decide, after the testimony was in, that he did not need the jury, he would dismiss them and pass such decree as he deemed proper. At the close of all the evidence, each side moved for a directed verdict. The Court granted the plaintiff's motion, and in his order gave the following reasons for doing so: "Under the view I take of the case it is not necessary to decide if the questions of fact should be decided by me, a Court of equity or submitted to the

jury. The testimony is susceptible of but one inference, and that is, that the road and landing are private and not public. It was admitted that the plaintiff is the owner in fee and in possession of the tract of land on which the road and landing are located, and there is no testimony to show that the road and landing have been used for general public purposes for a period of twenty years, and the testimony is undisputed that the road and landing go through unenclosed woodlands, and there is not a scintilla of testimony to show adverse use other than the traveling of the road, and under the case of *State v. Miller,* 130 S. C., 152, 125 S. E., 298, it is absolutely necessary to show adverse use of the road."

The appellants, defendants below, state three exceptions. They challenge the correctness of the findings and holdings of the Court as set out in its order, and charge error in its failing to submit the case to the jury under the testimony.

It will be noted that the trial Judge gave the following as one of the reasons for his granting plaintiff's motion for a directed verdict: "The testimony is undisputed that the road and landing go through unenclosed woodlands, and there is not a scintilla of testimony to show adverse use other than the traveling of the road, and under the case of *State v. Miller,* 130 S. C., 152, 125 S. E., 298, it is absolutely necessary to show adverse use of the road." Should it be found that he was correct in this, a decision of that question will dispose of the appeal adversely to the contentions of the appellants.

In *State v. Miller et al.,* 125 S. C., 289, 118 S. E., 624, the question presented by the appeal was whether the Circuit Judge was in error in refusing to charge the request of the defendants, embodying the following proposition: "The rule in this state is that a prescriptive right arises in favor of the public after continuous use of a road for 20 years when it runs through cultivated land, but that, when it passes over unenclosed woodland, it must also be shown that the use was adverse and under a claim of right, and not by the owner's permission."

Mr. Justice Marion, who wrote the opinion of the Court, stated that: "The learned circuit judge, under the authority of *State v. Sartor*, 2 Strob., 60, and *State v. Floyd*, 39 S. C. (23), 24, 17 S. E., 505, apparently adopted the view and applied the rule that the public right arising from use of a neighborhood road through unenclosed woodland for 20 years or more does not rest upon adverse use, but upon a presumption from lapse of time that the owners of the land have dedicated it to the public use, under which rule the true test of the public right 'is in the general use, by all persons, for public purposes, for an uninterrupted period of twenty years or more.' *State v. Sartor, supra.*"

The Court held in the *Miller case* that the trial Judge was in error in refusing to charge the request, for the reason that the expressions contained in *State v. Sartor* and *State v. Floyd* were *obiter dicta,* as Mr. Justice Jones had pointed out in his concurring opinion in *Kirby v. Southern Railway*, 63 S. C., 494, 524, 41 S. E., 765; and that while, "in certain subsequent decisions, notably in *Kirby v. Southern Railway, supra,* and *Earle v. Poat,* 63 S. C., 439, 41 S. E., 525, the doctrine announced by Mr. Justice O'Neall in *State v. Sartor, supra,* as to the point here under consideration, would seem to have received a measure of recognition and approval. \* \* \* That such doctrine may not be regarded as ever having definitely received the authoritative sanction of this court as applied to a neighborhood road through unenclosed woodland, is very clearly indicated by the unequivocal declaration of the law on this subject by the present Chief Justice in *State v. Rodman,* 86 S. C. (154), 158, 68 S. E., 343, which is the most recent case involving the precise point here presented, to which our attention has been directed."

In the *Rodman case* the Court said (page 345): "The rule in this state is that a prescriptive right arises in favor of the public after the continuous use of a road for 20 years, when it runs through cultivated land, but that, when it passes over unenclosed woodland, it

must also be shown that the user was adverse." See, also *Hutto v. Tindall,* 6 Rich., 396, decided in 1853, where the rule here stated is announced, and convincing reasons for its existence are given and discussed.

*State v. Miller, supra,* after the second trial of that case, was again appealed to the Supreme Court. 130 S. C., 152, 125 S. E., 298. The question decided was whether the trial Judge was in error in refusing to direct a verdict for the defendants "upon the ground among others that there was no evidence tending to establish that the 20 years' continuous user of the road in question, relied on by the State to establish a prescriptive right in favor of the public, was *adverse."* (Page 229.) The Court said: "The rule requiring that in addition to proof of the continuous use of a road for 20 years or more in order to establish a prescriptive right, 'when it passes over unenclosed woodland it must also be shown that the user was adverse,' proceeds upon the theory, soundly grounded in conditions which are a matter of common knowledge in this country, that the user of a road through unenclosed woodland is, in effect, a user by license or permission of the owner of the land. Hence the mere fact of a public use of such a road for any length of time will not sustain a claim of public right by prescription in the way"—citing cases. The Court accordingly held "that mere user by the public of a way through unenclosed woodland for any length of time is insufficient of itself to support the inference that the use was adverse and hostile to the rights of the owner." See, also, *Sims v. Davis,* Cheves 1, 34 Am. Dec., 581, where will be found an informing discussion of the term "adverse," as applied in cases of this kind.

With the above stated principles of law in mind, we will now turn to the record in the case at bar. The testimony shows that the road in dispute is about one hundred yards in length and extends from a public road across plaintiff's property to the landing on Combahee

Creek. Also, that both the landing and the road have been used since about 1868 by the public for hunting and fishing, shad being caught for commercial purposes; and that some time during the period between 1870 and 1903, rice was loaded and lumber and shingles were unloaded at this landing. The testimony further discloses that the road, so far as any witness could say, has always passed over unenclosed woodland. This fact is not disputed by the appellants. Their contention is that the testimony does show that the continuous use of this road for 20 years or more by the public was adverse, and that the trial Judge was in error in holding otherwise. We find, however, no such evidence in the record, and counsel for the appellants, although urging with earnestness that there is such testimony, has failed to point it out.

J. S. Jackson, 84 years of age, a witness for the defendants, testified that the road and landing were used by the public as far back as he could remember; that he went there for the purpose of hunting and fishing, and that he did so without the permission or objection of any one. T. F. Zoller, 77 years of age, testified in like manner. The witness Gregorie also stated that he never got permission from any one to use the landing and had never heard anybody object to the place being used. J. R. Mixson said that he and the public generally had used the road and landing for a great many years for hunting and fishing, and that he had never heard any objection to this being done. Other witnesses testified to the same effect.

As stated, while there is proof of the continuous use of this road by the public, for certain purposes, for more than 20 years, a fact admitted by the respondent, there is no testimony that such use was *adverse* other than the traveling of the road. And this is true whether the testimony of any witness is considered singly or whether the testimony is considered as a whole. *State v. Miller, supra; Sims v. Davis, supra; State v. Randall,* 1 Strob., 110, 47 Am. Dec., 548. A directed verdict was proper.

The exceptions are overruled and the judgment of the Court below is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.