12785

GALLOWAY v. HODGE *ET UX*.

(150 S. E., 767)

*Mr. M. W. Seabrook,* for appellant,

*Messrs. Epps & Levy,* for respondents,

December 13, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

I cannot agree with the conclusion of Mr. Justice Carter, and think the Circuit Judge was correct.

The law, as I understand it, in cases of this character, requires the plaintiff to show some damage to himself differing in kind and degree from that suffered by the public generally. The only damage of that kind really attempted to be established was as to the blacksmith business of the plaintiff. On his direct examination, the plaintiff was asked by his counsel this: "Has your business (as a black-smith) been injured since this road was closed?" The reply was, "I haven't had as much since this thing occurred; whether this is the cause of it, I don't know, to tell you the truth, but I haven't had as much business for the last three years." That testimony certainly did not establish the plaintiff's claim. Therefore I think the nonsuit was proper.

Judgment affirmed.

MESSRS. JUSTICES COTHRAN and STABLER concur.

Mr. Chief Justice Watts and Mr. Justice Carter dissent.

Mr. Justice Carter (dissenting) : For a statement of this case we adopt the agreed statement of counsel contained in the transcript of record :

"This action was commenced on the 15th day of September, 1926. The complaint, which was duly verified, alleges plaintiff's ownership and seizing of a tract of land (described) situated on a public road which begins in one public road and runs into another, so that both the *termini* of said road are in public places, that is to say, public roads; that for more than twenty years prior to its recent unlawful obstruction the said road has lain and run through and past open and cultivated land on the properties of the defendant Mary Hodge and her predecessors, and has been used and traveled by the people of the neighborhood, and the public generally, as a public way of passage, without let or hindrance, who, with the plaintiff and his predecessors in ownership of his property, have acquired and now have a prescriptive right to the use of said road as a public thoroughfare; also (in a separate paragraph) that the neighborhood and the public, including the plaintiff and his predecessors, have for more than twenty years used and traveled said road as a public thoroughfare, adversely, openly, notoriously, hostilely, and under claim of right, against the defendants, and their predecessors, and all others, with their knowledge and acquiescence, and have thereby acquired a prescriptive right to said road; also (in a separate paragraph) that the plaintiff and his predecessors in ownership of his said property have by over twenty years of adverse use acquired an easement to the said road as a way of ingress to and exit from plaintiff's premises; (and in another paragraph) that recently, and with knowledge of the above facts, the defendants willfully and maliciously obstructed said road, the defendant Elisha Hodge acting therein as the agent of his wife, the defendant Mary Hodge; that for many years prior to this the plaintiff and his family were

wont to travel said road as the shortest, best-conditioned road from his premises to the store where he dealt, and in attending church and other public meetings, and in sending children to school; that the obstruction has forced them to go by much more circuitous routes of very much worse roads, which are almost impassable in bad weather; that the obstruction has damaged the value of his property, rendering it inaccessible and productive of a low price on the market; that plaintiff makes a good part of his living by conducting a blacksmith and wheelwright business and a great deal if not most of his patrons have been accustomed to travel the road above described to come to his place of business, and by said obstruction plaintiff has lost considerable business and income, as the other approaches to his place are obscure and inconvenient and not likely as avenues of business; that in all of said ways and in divers other ways the plaintiff has by said obstruction suffered damage peculiar to him and his property and different from the ordinary damage and inconveniences suffered by the traveling public along the road above described; all of which being to his damage in the sum of $300; that he is without remedy at law, as the defendants are not solvent, and the injuries are irreparable and of continued and repeated occurrence. The prayer is for judgment for $300 and for a mandatory injunction for removal of the obstructions.

"The answer admits the plaintiff's ownership and seizing of his tract of land, that Elisha Hodge is the husband of the defendant Mary Hodge, and that the said road was closed with knowledge and consent of the said Mary Hodge; and they did close a road leading from a house on the premises of Mary Hodge out to the Manning public road, which was on the private property of said defendants and in which the public acquired no rights whatsoever; and further alleges that there was a private road leading from a house belonging to the defendant Mary Hodge entirely through her property out to the Manning public road, which had been open only

for about eight years; and in which the defendants never gave the public or the plaintiff any rights whatsoever, and in which they have never acquired any rights; that said private road leads from within a few feet of a tenant house of the defendant Mary Hodge out to said public road, and in recent months certain parties traveling along said road had become very boisterous and obnoxious, disturbing the tenants which the said Mary Hodge had placed in said house, and making it so unpleasant for said tenants that said tenants threatened to leave the premises unless said annoyances were stopped; that thereupon the defendants closed said private road, which they had a perfect right to do, leaving to the public and to the plaintiff all of their rights unhindered and unimpaired, which they had ever acquired, which rights in nowise gave them the right or easement to travel over or upon the road so closed by the defendants; and the answer specifically denies all of the respective paragraphs of the complaint other than as above admitted.

"This case was tried on April 12 and 13, 1927, in the Court of Common Pleas for Sumter County before Judge M. M. Mann and a jury; and at the conclusion of the plaintiff's evidence resulted in a nonsuit."

From the order of nonsuit granted by his Honor, Judge Mann, the plaintiff has appealed to this Court.

A careful reading of the testimony in the case convinces us that there was some evidence tending to establish the issues involved, and, following the well-recognized rule of this Court in motions for a nonsuit, that the evidence must be construed most favorably for the plaintiff, we think that the presiding Judge erred in granting a nonsuit.

It therefore should be the judgment of this Court that the order issued by his Honor, the presiding Judge, granting a nonsuit, be reversed, and the case remanded to the Circuit Court for a new trial.

MR. CHIEF JUSTICE WATTS concurs.