14357

LEITZSEY v. FELLERS

(187 S. E., 740)

Before STOLL, J., Newberry.

*Messrs. B. V. Chapman* and *B. W. Crouch,* for appellant,

*Messrs. Dominick & Workman,* for respondent,

October 9, 1936.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, by B. B. Leitzsey, as plaintiff, against the defendant, C. E. Fellers, commenced in the Court of Common Pleas for Newberry County, is a suit involving the alleged obstruction by the defendant of an alleged neighborhood road in the said County of Newberry and the damages the plaintiff alleges he suffered on account of such obstruction, contending that by reason of said obstruction of said road described in his complaint he (the plaintiff), sustained special, peculiar, and personal damages. For this alleged wrong on the part of the defendant, plaintiff asked for damages against the defendant in the sum of $1,000.00, and further asked that the defendant be restrained and enjoined from further obstructing and attempting to obstruct the said road and from further interfering with the plaintiff in his lawful use of the said road as a means of ingress and egress to the lands of the plaintiff described in the complaint, and further asked that the defendant be restrained from interfering with the plaintiff in regard to certain other alleged rights of the plaintiff.

In his answer to the complaint the defendant admits that the plaintiff is the owner of the tract of land mentioned in the complaint and which the plaintiff claims to own and further admits that the defendant is the owner of an ad-

joining tract of land mentioned by the plaintiff in his complaint. The defendant further admits that the said road referred to by the plaintiff in his complaint has been used by the plaintiff, but he denies that the same has been generally used as a public highway by the public since the defendant has resided in the neighborhood. In this connection the defendant further admits the allegation of the plaintiff wherein the plaintiff alleges that the upper end of said road has fallen into disuse and has been discontinued.

It may be further stated in this connection that in the course of his answer the defendant makes a denial of certain further allegations of the plaintiff which are not mentioned above, and, in addition, alleges certain matters, but under the view we take of the case, we do not consider it necessary to make reference to the same. In this connection we may add that all material allegations of the complaint which we have not herebefore referred to are denied by the defendant.

Issues being joined, the case was tried in said Court before his Honor, Judge P. H. Stoll, and a jury. During the course of the trial, on motion of counsel for the plaintiff, his Honor, Judge Stoll, ordered the complaint amended, and made this ruling thereon: "The complaint amended in paragraph four at the end of the paragraph by striking out the words 'fallen into disuse and is discontinued,' and inserting the words 'has been relocated.' "

This amendment was allowed over defendant's objection.

At the conclusion of the plaintiff's testimony, the defendant, through his counsel, made a motion for nonsuit on the following grounds:

"Mr. Crouch: We ask for a nonsuit on two grounds:

"First: That the testimony fails to show that the road in question, and alleged to have been obstructed by the defendant, is either a highway, public road, or a neighborhood road.

"Second: That the plaintiff has failed to show that he suffered any personal, peculiar, or special injury or damage

over and above that sustained by the public generally as a direct result of such alleged obstruction."

Defendant's motion for nonsuit was overruled, and thereafter the defendant offered testimony. At the conclusion of all the testimony, the defendant made a motion for a directed verdict. After argument by counsel on this motion, and after further considering the other matters presented, his Honor, the presiding Judge, held that the plaintiff had not proved any special damages, and in connection therewith made the following ruling:

"Court: I don't think you have proved any special damages. I think the only question to go to the jury is to let them answer the question whether or not the plaintiff has the right of the use of this road, whether or not it is a neighborhood road. If they answer that it is a neighborhood road, he would be entitled to an injunction to keep it open."

For the purpose of making clearer the question necessary for this Court to decide in this appeal, we quote herewith the agreed statement of counsel, representing the respective parties, appearing in the transcript of record, which reads as follows:

"This is an action on the civil side of the Court charging defendant-appellant with obstructing an alleged neighborhood road allegedly running from County Road to Gibson Road to State Highway No. 176 or road from Newberry to Whitmire, and alleging special, peculiar and personal damages by reason of the alleged obstruction of said alleged neighborhood road and asking therefor damages and an injunction.

"The only question that was submitted to the jury by the Court was, whether or not the road in question was a neighborhood road, the Court holding that no damages had been proven. The Court stated: 'I don't think you have proved any special damages. I think the only question to go to the jury is to let them answer the question whether or not the plaintiff has a right of use of this road, whether or not it is a

neighborhood road. If they answer that it is a neighborhood road, he would be entitled to an injunction to keep it open.'

"In the charge to the jury the Court stated: 'The question I want you to answer is whether or not this particular road is a neighborhood road. If you answer, "Yes," that will mean that the Court wil grant an injunction which will restrain the defendant in the case from interfering with the plaintiff in the use of the road.'

"That was the only question submitted to the jury. They answered in the affirmative and His Honor signed an order permanently enjoining the defendant from interfering with plaintiff's use of said road."

From the said order of his Honor, the presiding Judge, permanently enjoining the defendant from interfering with plaintiff's use of said road, and the judgment of the lower Court, the defendant duly appealed to this Court. Under our view of the case, it is only necessary to consider one question raised by the appeal, namely, whether or not the defendant was entitled to a nonsuit because of the plaintiff having failed to show that he suffered any personal, peculiar, or special injury or damage over and above that sustained by the public generally as a direct result of the alleged obstruction of the road in question. This question, in our opinion, is controlled by the rule declared by this Court in the case of *Fanning v. Stroman,* 113 S. C., 495, 101 S. E., 861, wherein this Court held, in effect, that the remedy for the obstruction of a public or neighborhood road is by indictment, unless the complaining party establishes some specific damage to himself not common to the neighborhood and the public. In the case at bar, the presiding Judge, his Honor, Judge P. H. Stoll, ruled that the plaintiff had failed to prove any special damage sustained by the plaintiff. There was no appeal by the plaintiff from this holding and ruling. Therefore, the defendant was entitled to have his motion for a nonsuit granted. In connection with the above-named case, we, also, call attention to the case of *State v. Floyd,*

39 S. C., 23, 17 S. E., 505, and the recent case of *Galloway v. Hodge et ux.,* 153 S. C., 300, 150 S. E., 767.

The appeal is, therefore, sustained, and the judgment of the lower Court reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.